

May 25, 2017

Honorable Thérèse W. Dancks                                          *VIA CM/ECF*
United States Magistrate Judge
Federal Building and U.S. Courthouse
P.O. Box 7346
Syracuse NY 13261-7346

      Re:    *Deferio v. City of Syracuse, et al*
                Northern District of New York 16-CV-0361 (LEK/TWD)

Dear Judge Dancks:

      Plaintiff submits this letter in response to Defendants' request for a discovery conference. Plaintiff offers the following to clarify his position.

      Plaintiff does not taking issue with "service," *per se*, but rather, *what* was provided. The issue, therefore, is not that Defendants sent their requests via email, but provided an informal letter request rather than formal document demands. While Plaintiff has requested that this case continue moving forward, he has neither requested nor consented to informal discovery requests. Nor is it Plaintiff's recollection that the Court ordered that informal discovery requests must be responded to (regardless of the manner of delivery). To the contrary, this Court's May 15 order instructed that "Any follow up requests related to information obtained at that deposition must be served by 5/19/2017," which service (by whatever method) implicitly contemplates formal document demands in compliance with the FRCP.

      The court in *Sithon Mar. Co. v. Holiday Mansion*, explained well why formal requests are necessary:

> The Federal Rules of Civil Procedure provide necessary boundaries and requirements for formal discovery. Parties must comply with such requirements in order to resort to the provisions of Fed.R.Civ.P. 37, governing motions to compel. Informal requests for production lie outside the boundaries of the discovery rules. Formal requests may be filed under some circumstances, not letter requests. Formal requests require certificates of conferring and service. Letters do not. Formal requests certify representations of counsel under Fed.R.Civ.P. 11(b). Letters do not. Formal requests clearly implicate the duties of opposing parties to respond, pursuant to Fed.R.Civ.P. 34. Letters do not. Formal requests may

> occasion sanctions. Letters usually do not. To treat correspondence between counsel as formal requests for production under Rule 34 would create confusion and chaos in discovery…Although both informal investigation and formal discovery have their proper place in the litigation arena, the Federal Rules of Civil Procedure address only formal discovery.

No. CIV. A. 96-2262-EEO, 1998 WL 182785, at *2–3 (D. Kan. Apr. 10, 1998) (Concluding "Plaintiff cannot properly move to compel production of documents sought in an informal letter requesting production.").

For this reason, courts have repeatedly held that informal discovery requests are insufficient to invoke a party's duty to respond or support a motion to compel. *See Simon v. Taylor*, No. CIV 12-0096 JB/WPL, 2014 WL 6633917, at *29 (D.N.M. Nov. 18, 2014) ("If opposing counsel refuses to respond to an informal discovery request, however, the Federal Rules of Civil Procedure require that a party seeking discovery follow up with a request that satisfies rules 5, 26, and 37(a)(3) before moving to compel a response."); *SJB Grp., LLC v. TBE Grp., Inc.*, No. CIV.A. 12-181-SDD, 2013 WL 2928214, at *3 (M.D. La. June 13, 2013) ("The Federal Rules of Civil Procedure provide necessary boundaries and requirements for formal discovery. Parties must comply with such requirements in order to resort to the provisions of Rule 37. 'It is axiomatic that a court may not compel the production of documents under Rule 37 unless the party seeking such an order has served a proper discovery request on the opposing party.'") (citations omitted); *Texas Democratic Party v. Dallas Cty., Texas*, No. 3-08-CV-2117-P, 2010 WL 5141352, at *2 (N.D. Tex. Dec. 9, 2010) (Noting that parties "have no duty to [respond] to an informal discovery request that does not comply with Rule 34."); *Garrison v. Dutcher*, No. 1:07-CV-642, 2008 WL 938159, at *2 (W.D. Mich. Apr. 7, 2008) (denying motion to compel production of documents because request was informal letter to counsel); *Studio & Partners, s.r.l. v. KI*, No. 06-C-0628, 2007 WL 896065, at *1 (E.D. Wis. Mar. 22, 2007) ("S & P's informal request for the production of documents during a deposition does not constitute a formal discovery demand that can properly serve as the basis for a motion to compel."); *James v. Wash Depot Holdings, Inc.*, 240 F.R.D. 693, 695 (S.D. Fla. 2006) ("[Despite learning need for document only days before discovery deadline], Rule 37 does not authorize a court to compel documents or a release to obtain them based on an informal discovery request."); *Ghavami v. Alanis*, No. CIV.A.SA-05-CV0700RF, 2006 WL 1821700, at *1 (W.D. Tex. June 29, 2006) ("[D]efendant has cited no rule of procedure or case authority which would authorize the court to compel the informal discovery process. In lieu of agreement, defendant may utilize formal requests for production... but the rules do not require opposing counsel to agree to the requested authorizations nor empower this court to compel the authorizations."); *Suid v. Cigna Corp.*, 203 F.R.D. 227, 228 (D.V.I. 2001) ("Fed.R.Civ.P. 34 provides a procedure for production of documents by a party opponent. Rule 34(b) provides that the requesting party may move for an Order under Rule 37(a) with respect to any failure to respond to the request. Neither Plaintiff's assertion that the documents were mentioned and identified at depositions, nor Plaintiff's letters with regard thereto create any basis for relief under Rule 37(a)."); *Ledbetter v. United States*, No. CIV.A. 3:96CV-0678X, 1996 WL 739036, at *1–2 (N.D. Tex. Dec. 18, 1996) ("In the instant case, it would be

premature to grant the plaintiff's Motion to Compel in the absence of a formal discovery request served upon the proper parties…a motion to compel pursuant to the enforcement provisions of a Rule 37 clearly contemplates that the parties have relied on the formal discovery rules.") (citations omitted); *Haifley v. Naylor*, No. 4:CV94-3277, 1996 WL 539212, at *2 (D. Neb. July 9, 1996) ("When the plaintiff's 'informal requests' were not successful, plaintiff was left to serve a formal request for production under Rule 34. His failure to do so dooms the motion to compel production of the defendant's file, for the court cannot force compliance with informal requests."); *Roberts v. Americable Int'l Inc.*, 883 F. Supp. 499, 501 n. 2 (E.D. Cal. 1995) ("Americable's informal request for production of documents made at a deposition is not recognized as an appropriate discovery request under the federal rules…Americable's motion to compel is thus inappropriate and is denied for this reason."); *Schwartz v. Mktg. Pub. Co.*, 153 F.R.D. 16, 21 & n. 12 (D. Conn. 1994) (Denying motion to compel because "the entire enforcement mechanism of Rule 37 contemplates the parties having formally resorted to the underlying discovery rule, in this case Rule 34, rather than a casual, informal request contained in a letter.").[1]

Because Defendants' letter is not a formal discovery request complying with the Federal Rules, Plaintiff is not obligated to respond.

Sincerely yours,

s/Mark A. Mangini
MARK A. MANGINI*
TN BAR #33422
Center for Religious Expression
699 Oakleaf Office Lane, Suite 107
Memphis, TN 38117
(901) 684-5485 – Telephone
(901) 684-5499 – Fax
*Admitted to practice *Pro Hac Vice*

MAM
CC:   Todd M. Long, Esq. (*via CM/ECF*)
      Amanda R. Harrington, Esq. (*via CM/ECF*)

---

[1] With regard to Defendants mention of expediency, it is worth noting that "It is far easier and quicker to make a formal document request pursuant to Rule 34 than it is to construct and articulate an argument why an informal letter should be treated as a Rule 34 request so as to enable it to be enforced under Rule 37." *Schwartz*, 153 F.R.D. at 21.