

CENTER FOR
RELIGIOUS
EXPRESSION

Clearing the path for Truth

June 16, 2017

Honorable Thérèse W. Dancks                                    *VIA CM/ECF*
United States Magistrate Judge
Federal Building and U.S. Courthouse
P.O. Box 7346
Syracuse NY 13261-7346

      Re:    *Deferio v. City of Syracuse, et al*
              Northern District of New York 16-CV-0361 (LEK/TWD)

Dear Judge Dancks:

      I submit this letter in response to Defendants' June 15, 2017 Letter Motion. At the outset, I note that it is unclear what manner of judicial intervention Defendants are requesting. Nonetheless, I offer this letter to clarify the situation.

      Put simply, the video Defendants seek does not exist and never has existed. Back in 2015, when he received the two videos to which Defendants refer from Ms. Deferio, the Plaintiff noticed that they were separate and inquired why that was. In response, Ms. Deferio indicated she must have accidentally paused the video for a brief moment when the security guard grabbed Plaintiff's sign.

      When Defendants contacted me with their concerns about the missing footage, I contacted Plaintiff to determine whether the video ever existed. Plaintiff provided the aforementioned explanation and confirmed that he does not presently have, nor has he ever had such video. I relayed this information to Defendants, but they reject it, claiming it is inconsistent with Ms. Deferio's deposition testimony.

      In support of this loose charge, Defendants read too much into select portions of Ms. Deferio's deposition testimony, while overlooking other portions. Specifically, Defendants asked Ms. Deferio whether she recalls stopping the video at any point, to which she replied that she only recalled stopping the recording at the end of the second video. But the deposition reveals that Ms. Deferio does not recall recording footage between the two videos in question, implying that the recording was stopped:

      Q: Okay. Did you take any other video that might have been edited out besides the two clips that you saw?

      A: Not that I know of.

(Michelle Deferio Depo. p. 26, ll. 21-24). Defendants further questioned whether she recalled taking any other footage from that day at all, and she made clear the only other video she could potentially recall occurred after the two videos in question:

> Q: Okay. Do you recall taking any other video that day other than the two clips that we just showed you?
>
> A: I can't remember if I turned the – if I turned the camera back on after the man was talking to me.

(Michelle Deferio Depo. p. 27, ll. 8-13).[1] Ms. Deferio's deposition testimony conclusively indicates that she did not record anything that has not already been provided to Defendants.

To be sure, Defendants did not specifically ask Ms. Deferio why the videos are separate or even to speculate how they got that way. I have since spoken to Ms. Deferio, and she confirmed that she does not recall having ever had any footage from between the two videos in question. She further explained that during her deposition, she testified to the best of her recollection and could not specifically recall stopping the video. That said, she informed me it was highly possible that upon seeing the security guard grab Plaintiff's sign, she accidentally paused the recording. And, regarding her conversation about this with Plaintiff in 2015, she said she cannot remember such an uneventful conversation from two years ago, but it's probable she gave Plaintiff the above explanation. The footage in question does not exist and never existed.

An hour or so after informing Defendants that Plaintiff had no such video, Plaintiff contacted me. He informed that, just to be absolutely certain, he conducted yet another search of his videos. His search confirmed that he did not have any further video recorded by Ms. Deferio. However, Plaintiff did find another video from the 2015 Pride Festival recorded from his perspective that he had mistakenly thought he had disclosed to Defendants, but had not. Because the video appears responsive to Defendants' most recent discovery request, I immediately contacted Defendants to let them know about this video and placed it in the mail the following day, in compliance with our continuing discovery obligations. When I subsequently spoke to Defendants about this newly discovered video, they indicated they would send a list of videos they have received for Plaintiff to verify that it contains all responsive videos in his possession, and I confirmed that arrangement would be fine.

The bottom line is that Plaintiff does not have the video or portion of video that Defendants are seeking because it never existed. Plaintiff did not edit out and/or delete it; he provided the videos in the condition he received them. That Ms. Deferio cannot recall exactly how this transpired from nearly two years ago is easily understandable. Plaintiff has endeavored to comply, in good faith, with Defendants' discovery requests, even

---

[1] As it turns out, Ms. Deferio did, in fact, begin recording again after the two videos in question, and in compliance with Defendants' request, Plaintiff provided that video to Defendants.

conducting additional searches just to be sure he has disclosed everything.  There is no need for judicial intervention and no relief to be afforded.  The sought-after video does not exist.

Sincerely yours,

s/Mark A. Mangini
MARK A. MANGINI*
TN BAR #33422
Center for Religious Expression
699 Oakleaf Office Lane, Suite 107
Memphis, TN  38117
(901) 684-5485 – Telephone
(901) 684-5499 – Fax
*Admitted to practice *Pro Hac Vice*

MAM
CC:    Todd M. Long, Esq. (*via CM/ECF*)
       Amanda R. Harrington, Esq. (*via CM/ECF*)