UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
SYRACUSE DIVISION

JAMES DEFERIO,

Plaintiff,

vs.

CITY OF SYRACUSE; FRANK FOWLER, in his official capacity as Chief of Police for City of Syracuse Police Department, JOSEPH SWEENY, individually and in his official capacity as Captain for the City of Syracuse Police Department, and JAMEY LOCASTRO, individually and in his official capacity as Sergeant for the City of Syracuse Police Department,

Defendants.

Civil Action No: 5:16-cv-0361 (LEK-TWD)

DECLARATION OF THOMAS MARCELLE IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES

I, Thomas Marcelle, under the penalty of perjury, hereby declare as follows:

1. I am over the age of 18 and am submitting this Declaration on behalf of Plaintiff, James Deferio in support of Plaintiff's Motion for Attorney's Fees, Costs, and Expenses. The statements in this Declaration are true and correct and if called upon to testify to them I would and could do so competently.

2. I am a resident of Albany County, and have lived here for 56 years. I presently work as a City Court Judge with a small private practice that focuses on federal civil rights.

3. I have practiced law full-time for 30 years, after receiving my *juris doctor* degree from Cornell Law School and I am admitted to practice before following courts:

- New York (Admitted 1/24/89: Bar No. 2245702)
- United States Supreme Court (Admitted 8/7/98)
- Second Circuit Court of Appeals (Admitted 3/30/90: Bar No. 90-213)

Exhibit "F"

- First Circuit Court of Appeals (Admitted 12/6/04: Bar No. 103195)
- Northern District of New York (Admitted 1/27/89: Bar No102117)
- Southern District of New York (Admitted 2/19/03: Bar No. TM2649)
- Western District of New York (Admitted 8/5/09: Bar No. 2245702)

4. I was in private practice where I litigated well over two dozen cases pursuant to pursuant to 42 U.S.C. §1983 and petitioned for fees pursuant to 42 U.S.C. §1988; I served as a trial attorney for the United States Department of Justice, the Albany County Attorney, and the Counsel for the Albany County Sheriff's Office and in those capacities I have defended over two dozen cases brought against the government or its officers pursuant to pursuant to 42 U.S.C. §1983 and defended requests for fees pursuant to 42 U.S.C. §1988. My experience has provided me extensive experience of civil rights litigation from a plaintiff's perspective, and government defendant's perspective, and judicial perspective.

5. I have litigated numerous constitutional cases in courts across the United States, many of which were First Amendment cases regarding free speech and religious liberty. I successfully argued before the U.S. Supreme Court as lead counsel on behalf of plaintiffs in *Good News Club v. Milford Central School*, 533 U.S. 98 (2001)

6. Additionally, I have argued before the Appellate Courts of the United States and New York State including but not limited to the following cases:

First Circuit:
- Osediacz v. City of Cranston, 414 F.3d 136 (1st Cir. 2006)
- Laffey v. Begin, 137 Fed. Appx. 362 (D.R.I./1st Cir. 2005)

Second Circuit:
- Hines v. City of Albany, 520 Fed. Appx. 5 (2nd Cir. 2013)
- Abuzaid v. Woodward, 726 F.3d 311 (2nd Cir. 2013)
- Pope v. County of Albany, 687 F. 3d 656 (2nd Cir. 2012)
- Orange County Water Dist. v. Unocal Corp., 584 F.3d 43 (2nd Cir. 2009)
- Price v. Albany County Bd. of Elections, 540 F.3d 101 (2nd Cir. 2008)
- Amidon v. SUNY Student Ass'n., 508 F. 3d 94 (2nd Cir. 2007)
- Cioffi v. Averill Park Central School Dist. Board of Ed., 444 F. 3d 158 (2nd Cir. 2006)

- Hoblock v. Albany County Bd. of Elections, 422 F.3d 77 (2nd Cir. 2005)
- Shannon v. Jacobowitz, 394 F.3d 90 (2nd Cir. 2005)
- Arbor Hill Concerned Citizens v. County of Albany, 357 F.3d 260 (2nd Cir. 2004)
- Hack v. President and Fellows of Yale College, 237 F.3d 81 (2nd Cir. 2000)

New York State Court of Appeals:
- People v. Marquan M., 24 N.Y. 3d 1 (2014)
- People v. Ruff, 81 N.Y.2d 330 (1993)

Third Department:
- Feminists Choosing Life. v Empire State Stem Cell Bd., 87 AD3d 47 (3d Dept 2011)
- Messina v Albany County Bd. Of Elections, 66 AD3d 1111 (3d Dept 2009)
- LeBron v Clyne, 65 AD3d 801 (3d Dept 2009)
- Patel v. Breslin. 45 A.D.3d 1240 (3d Dept. 2007)
- Ricard v Redlich, 43 AD3d 1203 (3d Dept 2007)
- Thomas v Turco, 43 AD3d 617 (3d Dept 2007)
- Parete v Turco, 21 AD3d 691 (3d Dept 2005)
- Bowen v Ulster County Bd. of Elections, 21 AD3d 693 (3d Dept 2005)
- Maloney v Ulster County Bd. of Elections, 21 AD3d 692 (3d Dept 2005)
- Parete v Maloney, 20 AD3d 712 (3d Dept 2005)
- Lachanski v Schenectady County Bd. of Elections, 10 AD3d 467 (3d Dept 2004)
- In re Collin Q., 307 AD2d 639 (3d Dept 2003)
- Powell v Weyant, 307 AD2d 472 (3d Dept 2003)
- People v Gutkaiss, 305 AD2d 734 (3d Dept 2003)
- People v Graham, 283 AD2d 885 (3d Dept 2001)
- People v Graves, 238 AD2d 754 (3d Dept 1997)
- People v Cleveland, 235 AD2d 929 (3d Dept 1997)
- People v Wicks, 232 AD2d 680 (3d Dept 1996)
- People v Connell, 188 AD2d 825 (3d Dept 1992)
- People v Ely, 164 AD2d 442 (3d Dept 1990)
- People v Edmonds, 151 AD2d 829 (3d Dept 1989)

7. I have had significant experience in this court as well. Within the last ten years, I have tried the following cases to verdict:

- Pope v. Albany County, (11-CV-736) (Kahn, J.) (2015) I
- In re Gabriel Rodriguez (Donavan, J) (2014).
- Green v. Conlen, (10-cv-1268) (Peebles, J.) (2013)
- U.S.A v. Jackson, (09-CR-407) (Hurd, J.) (2011)
- Orraca v. De Luke, (07-CV-0411) (Suddaby, J.) (2010)

And the following case involving significant trial level decisions:

- Pope v. Albany County, (11-CV-736)

• Evergreen Ass'n, Inc. v. City of New York, 801 F. Supp. 2d 197 (S.D.N.Y. 2011)
• Infante v. Dignan, 782 F.Supp.2d 32 (W.D.N.Y. 2011)
• Castine v. Zurlo, 733 F.Supp.2d 338 (N.D.N.Y. 2010)
• United States v. Jackson, 749 F. Supp. 2d 19 (N.D.N.Y. 2010)
• Matteo v. Town of Town of Guilderland, (N.D.N.Y. 2008)
• M.G. v. Bush, 07-cv-007 (N.D.N.Y. 2007)
• Bennett v. N. Colonie School District, 2010 WL 513393 (N.D.N.Y. 2007)
• Kermani v. New York State Bd of Elections, 487 F.Supp.2d 101 (N.D.N.Y. 2006)
• Kiesinger v. Mexico Academy and Cent. School, 427 F. Supp. 2d 182 (N.D.N.Y. 2006)
• Graham v. Ricks, 2004 WL 768579 (N.D.N.Y. 2004)
• Savago v. Ulster County, 03-cv-0248 (N.D.N.Y. 2003)
• Mussman v. Scalera, 03-cv-1068 (N.D.N.Y. 2003)
• Broadus v. Saratoga Cent. School, (N.D.N.Y. 2002)
• Perlee v. Guilderland, (N.D.N.Y. 2002)
• Carter v. Lenardo, (N.D.N.Y. 2000)

8. On behalf of plaintiffs, I have litigated the following cases relating to civil rights, particularly free speech: (Castine v. Zurlo (Hurd, J.) ; Price v. Albany County Bd. of Elections (Sharpe J.); Amidon v. SUNY Student Ass'n. (Hurd, J.); Cioffi v. Averill Park Central School Dist. Board of Ed ((Hurd, J.); Hoblock v. Albany County Bd. of Elections (Kahn, J.); Orraca v. De Luke (Sharpe, J.) ; Evergreen Ass'n, Inc. v. City of New York; M.G. v. Bush (Kahn, J.), Bennett v. N. Colonie School District (Sharpe, J.); Kermani v. New York State Bd of Elections (Kahn, J.); Kiesinger v. Mexico Academy (Mordue, J.) and Cent. School; Broadus v. Saratoga Cent. School (Hurd, J.); and Perlee v. Guilderland (Hurd, J.)

9. On behalf of government defendants, I have litigated the following civil rights cases Carey v. Albany County, Hyman v. Albany County, Hyman v. Abrams, Smith v. Roberson, Carpenter v. Apple, Pope v. Albany County, and Manon V. Albany County.

10. Due to my experience on both sides in civil rights litigation, I am well acquainted with going rates for civil rights litigation in the Northern District of New York as well as the work necessary to successfully prosecute a case like this. Civil rights litigation is highly specialized field, particularly with regard to free speech cases like this, requiring significant

knowledge and expertise in order to succeed.

11.     I have review the litigation in this case and I am of the opinion that this case required legal counsel who was experienced in Constitutional Law  In 2003, *Mussman v. Scalera*, 03-CV-01068 (NJM) (NDNY 2003); and *Shannon v. Jacobowitz*, 03-CV-1413 (DNH) (NDNY), I was retained to represent private defendants before in this District (and the Circuit). My clients agreed to pay me a rate of $235.00/hr for that representation. The above referenced cases involved the interplay between federal constitutional rights and state election. In 2003, in the cases of *Savago v. Ulster County Legislature*, NO.03-CV- 0248(LEK), I represented a private plaintiff that paid me $235.00/hr for representation in a county legislative redistricting case. In 2004-05, I privately represented the Intervenors in *Arbor Hill Concerned Citizens v. County of Albany*, 03-CV-502 (NJM) (NDNY), a county legislative redistricting case, at an agreed rate of $240.00/hr. In 2004-2005, I represented privately Mayor Steve P. Laffey in the District Court of Rhode Island and the First Circuit concerning the application of Rhode Island's campaign finance law to the Mayor's radio show at a rate $265.00/hr,. In 2006-2007, I represented many private clients in various cases (without constitutional aspects or limited constitutional aspects) in state courts at a rate that averaged $265.00/hr. In 2007, plaintiffs' attorney prevailed on three civil rights cases that arose in this. District. Thereafter, counsel settled the fee issues under §1988 at an average rate of $265.00/hr. The cases included *Kiesinger, et al. v. Mexico Academy, et al.* 00-1356; *M.G. v. Bush et.al.* 07-cv-007 46. In 2008, I represented Premiere Election Systems in a constitutional claim that was brought in State Court for $350.00/hr. — the claim involved an emergency claim and required condensed and unusual hours. In 2009, Counsel was retained by a private litigant for a civil matter in this court at a rate of $315.00/hr. Throughout 2011 I was routinely retained at $325.00/hr. for civil matters.

12.     I am aware of the recent decision in this district for fee including Pope v. Albany County where the court awarded fees in the amount of $345/hr for partner level attorneys. See Pope v. Cty. of Albany, 1:11-CV-0736 LEK/CFH, 2015 WL 5510944, at *2 (N.D.N.Y. Sept. 16, 2015)

13.     I have known Nathan Kellum for 16 years and have worked with him on several cases, many of which involved the First Amendment rights of individuals. I am also familiar with his experience and reputation.  From personal knowledge, I know Mr. Kellum to be an expert on First Amendment rights in public places, and a highly accomplished litigator.

14.     Based on current market rates in this district, I believe Mr. Kellum's hourly rate of $350, Mr. Genant's hourly rate of $225, and Mr. Mangini's hourly rate of $175 per hour, are reasonable and within the range of expected rates for attorneys in the Northern District with similar skill and experience in a case of similar complexity.

15.     I have reviewed the pertinent pleadings and documents in this case in light of the time sheets of Mr. Kellum, Mr. Genant, and Mr. Mangini.  I believe the number of hours they expended on this case is reasonable based on the work they did and the quality of the work product.  This case dealt with a nuanced area of the law, regarding restrictions on expression during a permitted public event, as well as defending against allegations that the Plaintiff's expression constituted "fighting words."  And, it appears Defendants' strategy in this case caused extensive discovery.

16.     Counsels' time statements point out voluntary reductions in time.  Reviewing these reductions, I am of the opinion that counsel has exercised reasonable billing judgment in making appropriate reductions.

DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this 4 day of April 2018.

/s Thomas Marcelle