UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
SYRACUSE DIVISION

| | |
|---|---|
| **JAMES DEFERIO,**<br><br>   **Plaintiff,**<br><br>vs.<br><br>**CITY OF SYRACUSE; FRANK FOWLER**, in his official capacity as Chief of Police for City of Syracuse Police Department, **JOSEPH SWEENY**, individually and in his official capacity as Captain for the City of Syracuse Police Department, and **JAMEY LOCASTRO**, individually and in his official capacity as Sergeant for the City of Syracuse Police Department,<br><br>   **Defendants.** | Civil Action No: 5:16-cv-0361 (LEK-TWD)<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND NONTAXABLE EXPENSES** |

TABLE OF CONTENTS

ARGUMENT ........................................................................................................................ 1
   I.   DEFERIO IS ENTITLED TO FEES ............................................................................ 1
   II.   LODESTAR REPRESENTS REASONABLE FEE ..................................................... 3
      A.   Requested Hourly Rates are Reasonable ...................................................... 3
      B.   Requested Hours are Reasonable ................................................................. 5
         1.   Entries are Not Vague ........................................................................ 5
         2.   Claimed Hours are Not Excessive ..................................................... 6
         3.   Claimed Hours are Not Duplicative .................................................. 7
         4.   Claimed Hours Do Not Relate to Clerical or Paralegal Work ........... 8
         5.   Degree of Success Does Not Warrant Any Further Reduction ......... 8
   III.   REQUESTED NONTAXABLE EXPENSES ARE REASONABLE ............................ 9
CONCLUSION ................................................................................................................... 10

**ARGUMENT**

Opposing Deferio's Motion, Defendants claim Deferio is not entitled to fees despite his prevailing party status, lodge unsubstantiated challenges to his requested hourly rates and hours, and dispute his request for nontaxable expenses. None of these objections have merit. Deferio is entitled to reasonable attorney's fees and expenses in the updated amount of $194,001.89 (2nd Declaration of Nate Kellum, attached as Ex. "G" and Supplemental Time Statement, as Ex. "H").

**I.   DEFERIO IS ENTITLED TO FEES**

A plaintiff is entitled to reasonable attorney's fees under § 1988 for securing at least "some of the benefit" sought in the suit. *Farrar v. Hobby*, 506 U.S. 103, 109 (1992). Fees do not depend on an award of compensatory damages. Indeed, § 1988 is intended to award reasonable fees when claims involve non-pecuniary rights. *City of Riverside v. Rivera*, 477 U.S. 561, 575-77 (1986). The lodestar is the presumed reasonable as long as party prevails on these rights. *Bergerson v. N.Y. State Office of Mental Health*, 652 F.3d 277, 289 (2d Cir. 2011).

Although Deferio is a prevailing party entitled to reasonable attorney fees (Doc. 128, p. 41), Defendants want to deny him all fees, claiming nominal damages are not meaningful relief. This argument is misguided; nominal damages are ample basis for fees under § 1988. A small financial award does not make a victory *de minimus* unless it is "a purely technical victory in an otherwise frivolous suit." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 168 (2d Cir. 2011). The denial of attorney fees for nominal damage award is only justified when "plaintiff [] seeks compensatory damages but receives no more than nominal damages." *Farrar*, 506 U.S. at 115.

Here, Deferio did not seek compensatory damages, just the nominal damages he was awarded. Thus, the factors Defendants invoke – a "significant" legal issue and achieving a "public goal" – are not pertinent factors. *See Alvarez v. City of New York*, 2017 WL 6033425, at *4 (S.D.N.Y. Dec. 5, 2017) (distinguishing case where only damages sought were nominal). The

1

critical inquiry is the "degree of success obtained," *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983), comparing what Deferio sought with what he received. Against the two officers – to which he prevailed against and seeks fees – Deferio sought $1.00 in nominal damages and this Court awarded him this precise relief. (*Compare* Doc. 1 [Verified Complaint], pp. 18-20 *with* Doc. 128, p. 44).[1] This is not a situation where relief is so *de minimus* that something more must be shown to justify the lodestar. Deferio obtained his sought-after and meaningful relief in full.

Defendants also mistakenly assert that the lack of injunctive relief against the City renders Deferio's victory *de minimus*. Of course, Deferio does not seek fees against the City in this petition.[2] Moreover, Deferio has obtained the practical effect of such relief. This Court held Defendants violated Deferio's rights, determining that this disposition prevents these wrongs from occurring again. (Doc. 128, pp. 42-43).[3] Thus, Deferio has effectively secured the protection he wanted in seeking injunctive and declaratory relief in the first place. (Doc. 1, p. 19). When a prevailing plaintiff obtains practical relief, it matters little that it is not in the form envisioned. *See Husain v. Springer*, 579 F.App'x 3, 5 (2d Cir. 2014) (lack of requested injunctive relief did not warrant elimination of fees because defendants' voluntary change in

---

[1] Contrary to Defendants' curious assertion, the decision to not seek compensatory damages in this action does not amount to a "waiver." Waiver is when a plaintiff initially seeks relief, but later abandons it. *Caruso v. Forslund*, 47 F.3d 27, 30 (2d Cir. 1995). Deferio never sought compensatory damages in this case because a plaintiff cannot legally receive them for purely constitutional injuries. *See Carey v. Piphus*, 435 U.S. 247, 266 (1978).

[2] Deferio is only seeking attorney fees from the parties he prevailed against, namely, the two officers. Injunctive relief was not available against them. Deferio sought and received the maximum possible relief he could secure against the two officers: $1.00 in nominal damages. *See City of Riverside*, 477 U.S. at 575 (small-ticket damages are significant as a deterrent to officers because injunctive relief is unavailable). In his petition, Deferio has voluntarily eliminated all time spent in pursuing liability against City and injunctive relief. (Ex. A, ¶ 25). He only seeks fees for time and expenses where he has prevailed against the officers.

[3] Deferio did not pursue a Due Process claim against the officers. That claim dealt specifically with the vagueness of "policies and practices," pertaining specifically to City actions. (Doc. 1, p. 18). Any time associated with Due Process relate to the City and has already been deducted from the fee petition.

response to litigation achieved same "practical effect"). Plainly, Deferio's relief was far from *de minimus*. He achieved all of his goals in bringing suit.

Even if the other factors that Defendants posit are considered, Deferio satisfies them, obtaining a victory on a significant legal issue in advancing a laudable public goal. This case concerned censorship of speech on a public sidewalk outside of a public event because the permit-holder disliked the content. Prevailing on this issue, Deferio sent a strong warning to government officials that such actions are not tolerated under the First Amendment. The free speech rights of countless others will now be respected when speaking near free and open public events within the city. *See City of Riverside*, 477 U.S. at 574-75 (nominal damages serve public purpose warranting fees because they deter future police misconduct even absent an injunction).

Deferio has secured meaningful relief, entitling him to a full lodestar award.

## II.   LODESTAR REPRESENTS REASONABLE FEE

Defendants quibble with Deferio's rates and hours, offering various petty reasons for denying Deferio a reasonable fee in this case, all while declining to provide this Court with any idea of what Defendants believe a reasonable fee would be under the circumstances.

### A. Requested Hourly Rates are Reasonable

Reasonable hourly rates are those current prevailing rates for attorneys with similar experience in similar cases in this district. *Farbotko v. Clinton Cnty. of New York*, 433 F.3d 204, 208 (2d Cir. 2005). This valuation is established through evidence, like affidavits and declarations, as well as data, and case law. *Dague v. City of Burlington*, 976 F.2d 801, 804 (2d Cir. 1991). Deferio supplies more than adequate evidence of his sought-after hourly rates ($350 for Kellum, $175 for Mangini, and $225 for Genant), substantiating them with detailed attorney declarations and recent case law showing the rates are reasonable. (*See* Exs. A, B, E, and F).

Defendants baldly dispute these hourly rates without the benefit of any countervailing

3

evidence or case law supporting them. Marcelle's extensive experience in litigating cases in this district, including many civil rights claims, illustrates his thorough knowledge of prevailing rates. (Ex. F, ¶¶ 4-12). Defendants give this Court no reason to ignore the insightful testimony.

Defendants rely exclusively on case law that is either outdated or concerns a field of practice different from the case at bar. The rates they borrow from *Lore v. City of Syracuse* are dated. 670 F.3d 127 (2d Cir. 2012). Defendants assert these rates remain valid because this Court considered them last year in *Azzara v. Natl. Credit Adjusters, LLC*, but Defendants overlook that *Azzara* held the rates in *Lore* reflected reasonable hourly rates for a "straightforward" FDCPA case, not civil rights litigation. *Azzara*, 2017 WL 2628875, at *4 (N.D.N.Y. June 19, 2017); *accord Stevens v. EOS CCA*, 2017 WL 1423242, at *3 (N.D.N.Y. April 21, 2017).[4] Nor does *Hines v. City of Albany* truly insist on *Lore* rates in civil rights cases. 2016 WL 7166103, at *1 (N.D.N.Y. 2016). Earlier in that same case, in 2015, the Court held $300/hour, a rate higher than the highest rate in *Lore*, reasonable. *Hines*, 2015 WL 12828107, at *3 (N.D.N.Y. May 13, 2015). This understanding gibes with the more relevant case of *Pope v. Cnty. of Albany*, which recognized that by 2015, reasonable hourly rates in civil rights cases in this district had increased up to $350/hour for experienced counsel, and $200/hour for associates with more than 3 years' experience. 2015 WL 5510944, at *10-*11 (N.D.N.Y. Sept. 16, 2015).[5]

Neither is Defendants' proposed rate slash for attorney Genant warranted on the basis that his work on the case "did not require [his] level of expertise." (Doc. 147-10, p. 14). Genant

---

[4] Even if rates from non-civil rights cases are considered, Defendants' own cases confirm that rates of up to $345/hour were appropriate as of 2015. *See H & R Block Tax Servs., LLC v. Strauss*, 2015 WL 4094649, at *10 (N.D.N.Y. July 7, 2015) (awarding $345/hour); *Berkshire Bank v. Tedeschi*, No. 1:11-CV-0767 LEK, 2015 WL 235848, at *3 (N.D.N.Y. Jan. 16, 2015).

[5] Though Defendants' suggest otherwise (Doc. 147-10, p. 12), Deferio is not seeking out-of-district rates. The $350/hour rate awarded in *Pope* was not an out-of-district rate. *Pope*, 2015 WL 5510944, at *9-*11. Deferio's requested hourly rates are directly in line with updated data in the Northern District of New York.

4

normally charges $225/hour for his services, and his work in this case necessarily required him to sacrifice time from his normal practice to do so. (Ex. E, ¶¶ 5-9). *See Marks v. U.S. Sec. Assocs., Inc.*, 2010 WL 11469929, at *3 (N.D. Ala. Sept. 28, 2010) (declining to penalize partner-level counsel by reducing fees for time spent performing "associate-level tasks" when he ran an almost solo practice). The requested hourly rates are reasonable for civil rights litigation in this district.

### B. Requested Hours are Reasonable

Defendants challenge Deferio's hours on misplaced grounds. Showing the exercise of billing judgment, Deferio is entitled to the hours he seeks in his petition.

#### 1. Entries are Not Vague

Defendants allege that many of Deferio's entries are too vague, but they fail to back up this charge. Counsel need not record time entries in excruciating detail; records need only be specific enough for the court to assess the reasonableness of the work performed. *Douyon v. NY Med. Health Care, P.C.*, 49 F.Supp.3d 328, 349 (E.D.N.Y. 2014). So, while entries like "review of documents" could be vague, *Dotson v. City of Syracuse*, 2011 WL 817499, at *24 (N.D.N.Y. Mar. 2, 2011), an entry stating "Preparing Reply in further support of Plaintiff's Motion for Summary Judgment" is not. 49 F.Supp.3d at 349. Deferio's time entries are like the latter.

Defendants' challenges to tasks like "Draft Affidavit of Jim Deferio," "Review local rules re: motions," and "Review Order re: Case Management Plan," (Doc. 147-1 [Time statement with "vagueness" highlighting], pp. 2, 4, 5) are baseless, since the import of the work is self-evident from the entries. They cite no case requiring greater specificity and it is difficult to imagine how the entries could be any more specific. Perhaps, a handful of entries could stand more detail, but even those are sufficiently clarified by context. *Vacco*, 135 F.Supp.2d at 364.

For example, the entry "Prepare for status conference" that Defendants criticize as supposedly vague is followed by entry showing participation in a Rule 16 status conference, making clear the purpose for the preparation. (Doc. 147-1, pp. 10-11). *See Lenihan v. City of New York*, 640 F.Supp. 822, 826 (S.D.N.Y. 1986) (holding "general preparation" followed by entry the next day for a preliminary injunction hearing not unduly vague). No more specificity is needed.[6]

### 2. Claimed Hours are Not Excessive

Defendants also allege Deferio's time on certain tasks is excessive, without providing any evidence in support, or even suggesting what time would be reasonable for the tasks. Tellingly, they do not provide their own time statements or any other baseline for comparison. Nor do they advance a particular percentage decrease yielding what they propose as a reasonable number of hours. (Doc. 147-10, p. 22).[7] Instead, Defendants posit that the work should have taken some unspecified lower amount of time due to attorney Kellum's past experience in cases with purportedly "identical legal issues," noting "similarities" in select portions of documents. (Doc. 147-10, p. 17). As an evenhanded review reveals, the legal issues in each case are actually distinct, dealing with 1) a ban on speech audible 25 feet away on a public commons (Doc. 147-3 [*Deferio v. City of Ithaca* MPI Memo], pp. 9-14), 2) a prior restraint on expression on a university campus (Doc. 147-6 [*Deferio v. SUNY* MPI Memo], pp. 7-21), and 3) banishing a speaker from public sidewalks due to the hostility of a festival permit holder (Doc. 6-15 [MPI Memo in present case], pp. 12-21). Even the vague similarities Defendants point to (*e..g.*,

---

[6] Defendants also needlessly challenge time entries for which Deferio is not even seeking compensation, like "Research court reporters" and "Arrange for Syracuse deposition trip." (Doc. 147-1, p. 23).

[7] Defendants also consistently exaggerate the time that counsel spent on particular tasks. (*See* Doc. 147-10, pp. 17-18). The time statements show a total of 5.8 hours preparing Deferio's first affidavit (not 8.1), 42.5 hours preparing the Motion for Preliminary Injunction and accompanying Memorandum (not 44.9), and 132 hours on "summary judgment motion practice," construed liberally (not 138.8).

6

formalistic matters like jurisdiction, *see* Doc. 147-2 [*Deferio v. City of Ithaca* Complaint], ¶¶ 6-9; Doc. 147-5 [*Deferio v. SUNY* Complaint], ¶¶ 6-7; Doc. 1, ¶¶ 6-8) contain differences, demonstrating counsels' fresh assessment of this case. *See Merrick v. Scott*, 2011 WL 1938188, at *7 (N.D. Tex. May 20, 2011) (time spent on familiar formalistic matters is compensable because attorney must use legal judgment to ensure similarities are appropriate in given case). And, critically, Defendants have not shown that prior experience should have caused counsel to put in any less hours in this particular case.

Neither is the time counsel spent on conferencing excessive. Each conference was necessary, helping coordinate efforts and divide tasks between lawyers. (Ex. A, ¶ 22). This is unlike cases where hundreds of hours were spent conferencing to get a host of attorneys up to speed. *See, e.g., Rozell v. Ross-Holst*, 576 F.Supp.2d 527, 541 (S.D.N.Y. 2008) (six attorneys billing for over 363 hours of conferencing). Nor have Defendants shown that billing at the lowest billing unit for reviewing notices from this Court is excessive.[8] Defendants cannot expect counsel to ignore notifications from the Court. The requested hours are not excessive.[9]

### 3. Claimed Hours are Not Duplicative

Neither is there any support for Defendants' contention that time is duplicative because a task "could be performed by one attorney." (Doc. 147-10, p. 18). Duplication is a concern when

---

[8] Two of the "review notice" entries are not actual court notices, but "notice[s] to produce," *i.e.*, discovery documents Defendants sent to counsel. (Doc. 147-8 [Time statement with "excessive/duplicative" highlighting], p. 33). An accurate calculation shows counsel spent a composite of 8.9 hours reviewing ECF notices during this two-year litigation. Billing at tenth-hour increments for reading these notices from the Court is reasonable. *See New York State Teamsters Conference Pension & Ret. Fund v. United Parcel Serv., Inc.*, 2004 WL 437474, at *6 (N.D.N.Y. Feb. 27, 2004) (approving quarter-hour billing even though tenth-hour billing is preferred).

[9] Further, Defendants shamefully launch an *ad hominem* attack on Kellum personally, contending any request from him must be excessive. The unfounded insults have no relevance here. This Court is to determine the reasonableness of hours in this case, not some other case.

7

more attorneys than necessary work on a task, given the scope and complexity of the case. *See New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983). *See, e.g.,* cases cited in Doc. 147-10, p. 20 (ranging between 4 to 16 attorneys plus support staff duplicative). Here, attorneys Kellum and Mangini intentionally divided the tasks to ensure no duplication of effort, with Kellum delegating distinct sub-tasks to Mangini to save time and costs. (Ex. A, ¶ 22.). *See Negron v. Ulster Cnty.*, 2013 WL 1181570, at *6 (N.D.N.Y. Mar. 20, 2013) (calling such delegation "a prudent decision."). Notably, Deferio's counsel sent only one attorney to every single court appearance, deposition, and telephone conference, while Defendants, on the other hand, invariably had at least two attorneys at each appearance. (Ex. A, ¶ 22). Defendants can hardly be heard to argue that Deferio overstaffed this case to the point of duplicating efforts, when Deferio was far more conscientious in this regard.

### 4. Claimed Hours Do Not Relate to Clerical or Paralegal Work

Defendants falsely allege the certain entries are clerical or paralegal. Tasks that require an attorney's legal judgment are not clerical and are fully compensable. *LV v. New York City Dep't of Educ.*, 700 F.Supp.2d 510, 522 (S.D.N.Y. 2010). This includes settlement negotiations, evaluation of needed evidence, and the drafting of legal documents. *See Tuf Racing Prod., Inc. v. Am. Suzuki Motor Corp.*, 1999 WL 669226, at *4 (N.D. Ill. Aug. 27, 1999). Defendants challenge tasks that are appropriate for attorneys, falling particularly within their purview, like editing affidavits, editing discovery responses, editing an opposition to a letter motion, and advising a client about discovery. (Doc. 147-9 [Time statement with "clerical/paralegal" highlighting], pp. 4, 17, 21, 22). The requested hours are not clerical or paralegal.

### 5. Degree of Success Does Not Warrant Any Further Reduction

No further reduction is warranted for the degree of success obtained. Where a failure to

receive relief can be parsed out from the successful claim, only hours unrelated to the success should be excluded. *Hensley*, 461 U.S. at 434-36. Deferio's claims rest on a common core – that officers' actions in removing him from a public sidewalk due to the hostility of a permit-holder violated his rights. Deferio fully prevailed on this claim, receiving the full nominal damages he requested. (Doc. 128, pp. 14-31, 44). The only lack of success was whether the City could be held responsible for the officers' actions and enjoined. (*Id.* at 44). Deferio has already accounted for this lack of success, eliminating hours spent pursuing *Monell* arguments and injunctive and declaratory relief. (Ex. A, ¶ 25). No further reduction is required.[10]

### III. REQUESTED NONTAXABLE EXPENSES ARE REASONABLE

Defendants also ask this Court to deny all nontaxable expenses because the petition specified expenses without providing receipts. In reality, case law does not demand production of receipts for recovering expenses. *See Dotson*, 2011 WL 817499, at *32-*33 (awarding expenses despite failure to produce receipts). A court requires itemization sufficient enough to determine the necessity and reasonableness of expenses sought. *See U.S. for Use & Benefit of Evergreen Pipeline Const. Co. v. Merritt Meridian Const. Corp.*, 95 F.3d 153, 173 (2d Cir. 1996); *Dotson*, 2011 WL 817499, at *33 (noting that lack of documentation is not problematic if

---

[10] Defendants' arguments aside, the *Johnson* factors further confirm application of the lodestar. Until this case, the heckler's veto doctrine in the public festival context had not been considered in this circuit, demonstrating its novelty. This litigation prevented counsel from filing more than 6 cases per year, establishing preclusion of other work. (Ex. A, ¶¶ 11-12). *Burford v. Cargill, Inc.*, No. CIV.A. 05-0283, 2012 WL 5471985, at *3 (W.D. La. Nov. 8, 2012) (preclusion means time spent on case at bar prevents counsel spending it on other cases). Counsels' agreement to take this case with fee-shifting as the only hope of recovery establishes its contingent nature. *Quesenberry v. Volvo Grp. N. Am., Inc.*, 2010 WL 2836201, at *9 (W.D. Va. July 20, 2010). This economic risk made the case undesirable for obvious reasons. *Price v. New York State Bd. of Elections*, 2009 WL 4730698, at *4 (N.D.N.Y. Dec. 4, 2009). And finally, the final fee award in *Deferio v. SUNY* reflects that that case settled a few months after the preliminary injunction hearing, *see Deferio v. Bd. of Tr. of State Univ. of New York [Deferio v. SUNY]*, 2014 WL 295842, at *1-*2 (N.D.N.Y. Jan. 27, 2014), whereas this case went through a year of discovery and cross-motions for summary judgment. The comparison is not apt.

expenses appear reasonable) (citation omitted). Deferio met this requirement through a time statement itemizing the expenses along with Kellum's declaration verifying accuracy and necessity. (Ex. A, ¶ 28; Ex. C, pp. 67-68). However, in an effort to allay any possible concerns, copies of receipts are attached. ( as Ex. "I"). *See Chauca v. Park Mgmt. Sys., LLC*, 2016 WL 8117953, at *6 (E.D.N.Y. July 18, 2016) (accepting receipts filed after briefing).

There is likewise no merit to Defendants' claim that Deferio is not entitled to Westlaw expenses. In the context of a fee-shifting statute, online computer research is recoverable as part of an award of attorney's fees and expenses. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 369 F.3d 91, 98 (2d Cir. 2004); *accord Trustees of the Plumbers & Steamfitters Local 267 Pension Fund, Annuity Fund, Ins. Fund & Joint Apprenticeship & Training Fund v. ICT Mech. Servs., Inc.*, No. 5:09-CV-481, 2013 WL 954574, at *5 (N.D.N.Y. Mar. 12, 2013) ("Plaintiffs are also entitled to recover…computer research costs").

## CONCLUSION

For the reasons set forth herein, and in his Initial Memorandum, Deferio respectfully requests this Court grant his Motion for Attorney's Fees and Nontaxable Expenses in the up-to-date amount of **$194.001.89**.

Respectfully submitted this 2nd day of May, 2018.

s/Nathan W. Kellum
NATHAN W. KELLUM
NDNY Bar Roll #302459
TN BAR #13482; MS BAR #8813
MARK A. MANGINI
TN BAR #33422
Center for Religious Expression
699 Oakleaf Office Lane, Suite 107
Memphis, TN  38117
(901) 684-5485 – Telephone
(901) 684-5499 – Fax

Attorneys for Plaintiff James Deferio

10

## CERTIFICATE OF SERVICE

    I hereby certify that on May 2, 2018, the foregoing was filed electronically with the Clerk of the Court by using the CM/ECF system, and that notice of this filing will be sent electronically to all counsel of record by operation of the Court's CM/ECF system.

                                           s/Nathan W. Kellum
                                                Attorney for Plaintiff